FREEMAN,- J.,
delivered the opinion of the Court.
The Attorney General presents this record on behalf of the State, for a writ of error.
We are of opinion that the judgment which was enjoined by the bill filed in this case was an absolute nullity.
It is a judgment in a summary proceeding against a collector of public revenue, by motion.
By the Code, 733, a judgment may be rendered upon motion, “against the officer and his sureties for the amount appearing due to the State from the statement of the Comptroller.”
By section 735, it is provided that if the delinquent or either of his sureties, has died before the motion is made, the Court shall give judgement against the sureties alone, in case of the death of the principal, or against the principal and surviving sureties on the bond, in case of the death of either of the sureties.
In this case, it clearly appears that the judgment is not rendered against all the sureties; and it not only does not appear that the surety against whom no judgment is rendered is dead, but on the contrary it appears that he is living, and the motion dismissed as against him.
*608 In a summary proceeding of this kind, the statute must be strictly followed. It is a proceeding in derogation of the common law, and can only be valid when it pursues the precise requirements of the law under which the proceeding is had. Such has been the uniform course of decision in this State.
This judgment being void, the fact that it was enjoined, even though the proceeding was or might have been unauthorized, can work no injury to the rights of the State. She may still have her remedy against the defaulting officer, and nothing in the record before us will interpose any bar to such proceeding, as the State may institute, to enforce whatever liability may have existed before the rendition of the supposed judgment, on motion against such officer and his sureties on his official bond.
On a subsequent day of the Term, Fbeehan, J., delivered the following opinion:
The record is filed in this case on the part of. the State by the Attorney-General, asking a writ of error and reversal of a decree of the Chancery Court at Greene-ville, enjoining a judgment obtained in the Circuit Court against David Fry and his sureties, on his bond as Revenue Collector of Greene County.
At a former day of the term, an opinion was delivered by the Court, holding that the judgment against the sureties was absolutely void.
We are now asked to review the decree of the Chancellor enjoining said judgment.
*609 On examination of the case, we bold that the decree enjoining the judgment can have no effect whatever, as against the State, for two reasons:
First. That by the Act of 1865, c. 36, p. 58 of Pamphlet Acts, the section of the Code, 2806, authorizing suits to be brought against the State, is repealed. Consequently, the shit could not have been properly brought against the State; the Court had no jurisdiction.
Second. The bill does not purport to be filed against the State, but only against James Britton the District Attorney, Howard the other surety, and the Sheriff’. This does not make the State a party to the suit, even if the State could be sued in her own courts.
But inasmuch as the State is not a party to the case, she has no right to a writ of error to reverse a judgment to which she is not a party. The writ of error is, therefore, refused.
On application of the Attorney-General to put the order in this case on the minutes, it was held .proper to indorse the order on the transcript only.